## CITY OF NEW YORK v. FREDERICKS.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

1. EVIDENCE (§ 18*)—JUDICIAL NOTICE—WEIGHTS AND MEASURES.
   The court can take judicial notice that some fruits, vegetables, meats, and other provisions are preserved in sealed jars or cans, and sold by the jar or can, and not by weight.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. § 18.*]

2. WEIGHTS AND MEASURES (§ 2*)—ORDINANCES—CONSTRUCTION.
   Code of Ordinances of City of New York, c. 8, § 388, permitting actions against persons selling food, fuel, etc., at a false weight, is a penal ordinance, and must be strictly construed.
   [Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 2; Dec. Dig. § 2.*]

3. WEIGHTS AND MEASURES (§ 6*)—STATUTES—CONSTRUCTION.
   Code of Ordinances of City of New York, c. 8, § 388, permitting actions against persons selling food, fuel, etc., at a false weight, does not require all foods or provisions sold to be weighed or measured, but permits a sale by jar or can not marked as measured or weighed.
   [Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 8; Dec. Dig. § 6.*]

   Scott and Laughlin, JJ., dissenting.

Appeal from Appellate Term.

Action by the City of New York against Henry J. Fredericks. From a judgment of the Appellate Term affirming a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 132 N. Y. Supp. 1124.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Terence Farley, Asst. Corp. Counsel, of New York City, for appellant.

Waldemar F. Timme, of New York City, for respondent.

INGRAHAM, P. J.  The defendant was in business in the city of New York, engaged in selling provisions.  On June 23, 1910, an inspector in the department of weights and measures called at the defendant's place of business, and asked for a pound jar of bacon. The defendant said he did not sell it by the pound, but by the jar, and then handed the inspector a jar, for which the inspector paid the defendant 30 cents.  After this testimony and the introduction of an ordinance of the city of New York, the parties rested, and the plaintiff asked for a judgment against the defendant for $10 as a penalty for a violation of this ordinance.  The Municipal Court gave judgment for the defendant, which was affirmed by the Appellate Term, and from that judgment the plaintiff appeals.

This jar of bacon sold by the defendant was in a sealed jar labeled "Beechnut Bacon," and was not put up by the defendant.  He sold it as an ordinary article of commerce put up by the manufacturer.  There was no weight upon the jar, and the defendant expressly refused to sell it by weight.  This is a well-known brand of bacon sold all over the city in sealed jars.  The defendant handed the jar to the witness, and the witness gave him 30 cents for it.

[1] I think the court can take judicial notice of the fact that many kinds of fruits, vegetables, fish, meats, and other provisions are preserved in sealed jars or cans, and sold as food by the jar or can, and not by weight.  Provisions of this kind have become an important element in the food supply of large cities, and it would be destructive of the food value of these articles if the jars or cans had to be opened and the contents weighed before they were sold.  It certainly would require a most specific prohibition in a statute or ordinance to prohibit sales of food and provisions in such sealed jars without opening the jars and removing and weighing the contents.  This ordinance is highly penal.  Its clear intent is to prevent the public from being defrauded by false weights and measures, and the ordinance itself should be strictly enforced where a sale is made in violation of its express provisions or methods adopted which would tend to defeat the objects for which the ordinance was passed.  But certainly a construction should not be given to such an ordinance by implication which would prevent the public from purchasing provisions or food protected from infection or contamination in jars or cans of this character.  There is not the slightest evidence that this jar did not contain a valuable food product in ordinary use, and that there was any false weight or measure in the sale of the article in question.  The charge against the defendant is that he refused to sell the product by weight, but was willing to allow the customer to take the jar on payment of 30 cents, and this is claimed to be in violation of this ordinance.

[2] As before stated, this is a highly penal ordinance, and it must be construed strictly, and not extended by implication. The rule is thus stated in 13 Am. & Eng. Enc. of Law (2d Ed.) 55:

"It is well established as a general rule of law that statutes which are penal in their nature are to be strictly construed, and questions of doubt are to be resolved favorably to the accused."

And this has been the universally applied rule in this state. Jones v. Estis, 2 Johns. (N. Y.) 379; Bell v. Dole, 11 Johns. (N. Y.) 173; Health Dept. v. Knoll, 70 N. Y. 530. In the latter case it is thus stated:

"The rule is well settled in accordance with the general rule of construction of penal statutes that a 'penalty cannot be raised by implication, but must be expressly created and imposed.'"

[3] The ordinance in question is section 388 contained in chapter 8 of the Code of Ordinances of the city of New York, entitled "Weights and Measures." Section 380 provides for a bureau of weights and measures in charge of a commissioner of weights and measures to be appointed by the mayor. By section 383 it is provided that all persons using weights and measures or any other instrument used in weighing or measuring any article intended to be purchased or sold shall cause the same to be tested, sealed, and marked by the commissioner of weights and measures. Subsequent sections contain specific provisions for ascertaining the correctness of any weights or measures used in the city of New York. The section under which this action was brought contains a provision that no person shall sell or offer for sale in any market, public street, or other place in the city of New York, any fruit, vegetables, or berries in crates, baskets, or other measures or any butter in prints or any ice or coal or other fuel at or for a greater weight or measure than the true measure thereof. There is here a specific prohibition against selling any of these articles "at or for a greater weight or measure than the true measure or weight thereof." This sentence is clearly intended to prevent a purchaser being defrauded by the false weights or measures when the article is sold by weight or measure, and is to carry out the general object of the chapter in question. The next clause of the ordinance provides:

"And all ice, coal, coke, meats, poultry and provisions (except vegetables sold by the head or bunch) of every kind, sold in the streets or elsewhere in the city of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspector or deputy inspector of weights and measures."

There is here no express provision prohibiting food or provisions being sold by the piece or jar, and, referring back to the language used in the beginning of the section as intending to enforce the same provision, it seems to me clear that the intent was to secure the proper weights or measures for use in the sale of provisions or other articles mentioned. The language of the section is that these specific articles sold in the streets or elsewhere in the city of New York shall be weighed or measured by scales, measures, or balances or in measures duly tested or stamped by the inspector or deputy inspector of

weights and measures. There is certainly no express prohibition against a sale in these jars or cans of articles of food which do not purport to have been weighed or measured, but which are sold as put up by the manufacturers or canners. It is only by implication that this provision can be extended to actually prohibit sales of any articles of food only after they had been weighed by the seller, and, as we have seen, a penal statute cannot be extended by implication. The further provision that poultry may be offered for sale and sold in other manner than by weight cannot be construed as implying a prohibition against all other articles of food or provision being sold except by weight. To import into this section such a prohibition is clearly a prohibition by implication which is not allowed.

I think, therefore, this determination was right, and should be affirmed, with costs.

CLARKE and MILLER, JJ., concur.

SCOTT, J. This action is brought to recover a penalty for a violation of an ordinance of the city of New York reading as follows:

"Sec. 388. No person shall sell or offer for sale in any market or in the public streets or in any other place in the city of New York, any fruits, vegetables or berries in crates, baskets, or measures, or any butter in prints, or any ice or coal or other fuel at or for a greater weight or measure than the true measure thereof; and all ice, coal, coke, meats, poultry and provisions (except vegetables sold by the head or bunch) of every kind, sold in the streets or elsewhere in the city of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspectors or deputy inspectors of weights and measures; provided that poultry may be offered for sale and sold, in other manner than by weight, but in all cases where the person intending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided."

The complaint is based upon the admitted fact that on June 23, 1910, at his place of business in the city of New York, the defendant sold to one Morgan a quantity of bacon in a glass jar and without weighing it. The evidence showed that the witness Morgan, an inspector of the department of weights and measures, asked defendant for a pound jar of bacon; that defendant replied that he did not sell bacon by weight, whereupon Morgan purchased and paid for a jar of bacon, which was not weighed, and the weight of which was not stated or ascertained in any way.

The respondent expressly states that he does not claim that the ordinance is unconstitutional, or that it is not a valid exercise of the police power. See Tiedmann's Limitations of Police Power, § 89. See, also, Am. & Eng. Ency. Law, pp. 454, 455–462, and cases cited. The whole controversy thus turns upon the construction and effect of the ordinance.

The respondent's argument is, and this view seems to have prevailed thus far, that the ordinance is inappropriate to, and could not have been intended to apply to, articles of food and provisions, sold in jars, cans, and other containers, but must be limited to goods sold by weight, so that its true meaning is that ice, coal, coke, meats, poultry, and provisions, if sold by weight, shall be weighed or meas-

ured by duly tested and stamped scales, measures, and balances. If the ordinance can be justified at all, it must be because its enactment is deemed to lie within the police power of the state, upon which ground similar provisions of law providing that certain household commodities of general use may be sold only by weight have been upheld in this country and in England for very many years. The subject becomes a proper one for the exercise of the police power because it affects the general welfare of the public, and the only apparent purpose for enacting such an ordinance is to protect the ignorant and unwary purchaser against the frauds and contrivances of the seller, to the end that each buyer of household provisions may have some assurance of getting what he or she buys.

If the ordinance be construed as respondent seeks to construe it, an easy path for its evasion is clearly indicated, and the whole purpose of the ordinance will be defeated. In my opinion it should not be so construed, and cannot be without reading into it words which do not appear. The ordinance first provides that fruits, vegetables, or berries in crates, baskets, or measures, or butter in prints, or ice, coal, or other fuel, shall not be sold at or for a greater weight or measure than the true measure thereof. So far, the ordinance is directed solely against selling by false weight or measure. The next clause, and the one under which this action has arisen, goes further, and, as I read it, prohibits the sale of certain articles otherwise than by weight. The language is that all ice, coal, coke, meats, poultry, and provisions (except vegetables sold by the head or bunch) of every kind sold in the streets or elsewhere in the city of New York shall be weighed or measured by scales, measures, or balances, or in measures duly tested and stamped by the inspectors or deputy inspectors of weights and measures. Here as it seems to me are two distinct mandates, equally definite and positive: First, the commodities mentioned must be weighed and measured; and, second, the weighing and measuring must be by scales, measures, and balances duly tested and stamped. One provision is no more mandatory than the other, and if we may say that, unless the buyer insists, the specified commodities need not be weighed, we may equally well say that, unless the buyer objects, untested scales, measures, and balances may be used. No one I apprehend would contend for this latter reading. That the ordinance was designed to compel the weighing of the specified commodities, and to forbid their sale otherwise than by weight seems to be clearly indicated by the exception in favor of poultry. That alone of the specified commodities may be offered for sale and sold otherwise than by weight, and must be weighed only if the purchaser so desires. This extends to the sale of poultry alone, and enacts in precise language the provision which the respondent seeks to apply by construction to the whole prohibition. It seems to me to be perfectly clear that if the framers of the ordinance had intended to provide that all the enumerated commodities might, with the purchaser's acquiescence, be sold otherwise than by weight, they would have found no difficulty in so expressing themselves, and would have had no occasion to insert the special exception in respect to the sale of poultry. It seems to me to be entirely clear that the defendant vio-

lated the ordinance in selling the bacon in the manner in which he did sell it.

With the inconvenience which may result from the enforcement of the ordinance, we have nothing to do, but it will probably be much less than respondent anticipates.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial granted, with costs in all courts to appellant to abide the event.

LAUGHLIN, J., concurs.