CITY OF NEW YORK v. WILKINSON BROS. & CO.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

WEIGHTS AND MEASURES (§ 6*)—ORDINANCES—CONSTRUCTION.

Code of Ordinances of City of New York, § 388, prohibiting the sale of any article of merchandise at a false weight or measure, and providing that enumerated articles and all other articles of merchandise shall be weighed or measured, applies only to sales by weight or measure to prevent fraud, but permits a sale without fraud of cord or rope in bulk or by gross weight.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 8; Dec. Dig. § 6.*]

Submission of controversy pursuant to Code Civ. Proc. §§ 1279–1291, by the City of New York against Wilkinson Bros. & Co. Judgment dismissing the complaint.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Terence Farley, of New York City, for plaintiff.
James W. Purdy, Jr., of New York City (Arthur Frank, of New York City, on the brief), for defendant.

LAUGHLIN, J. The question submitted for decision is whether the facts stated in the submission show that the defendant, which

is a domestic corporation engaged in carrying on business, among other things, as a jobber in twines, by a sale on the 4th day of August, 1911, in the borough of Manhattan, New York, of a bale of twine at 12½ cents per pound gross weight, which was 144 pounds, and was ·7 pounds more than the net weight after removing the covering of the bale and of the packages therein contained, violated the provisions of section 388 of the Municipal Ordinances, and is liable for the penalty of $100 imposed thereby.

The manufacturers customarily pack the twine in bales, each containing a number of packages, and each package containing a number of balls of twine, the number varying according to the size of the twine, and deliver it to the jobbers in this form. No weight is shown on the bales, and evidently it cannot be ascertained by the jobber without completely unpacking the bales. Said section 388 of the Ordinances, as amended on the 11th day of July, 1910, and in force at the time of the sale in question, provided as follows:

"No person shall sell or offer for sale any commodity or article of merchandise in any market or in the public streets or in any other place in the city of New York, at or for a greater weight or measure than the true weight or measure thereof; and all ice, coal, coke, meats, poultry, butter and butter in prints, provisions, and all other commodities and articles of merchandise (except vegetables sold by the head or.bunch), sold in the streets or elsewhere in the city of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested, sealed and marked by the commissioner of weights and measures or an inspector of weights and measures of the said city; provided, that poultry may be offered for sale and sold in other manner than by weight, but in all cases where the person intending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided. No person shall violate any of the provisions of this section under a penalty of one hundred dollars for each offense."

Prior to the amendment, the section did not contain the general terms "commodity or article of merchandise." It merely prohibited selling or offering for sale, in the places specified in the section as amended, "any fruits, vegetables or berries in crates, baskets or other measures, or any butter in prints, or any ice or coal or other fuel at or for a greater.weight or measure than the true measure thereof," and further provided that:

"All ice, coal, coke, meats, poultry and provisions (except vegetables sold. by the head or bunch) of every kind, sold in the streets or elsewhere in the city of New York, shall be.weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspector or deputy inspectors of weights and measures."

But this was followed by an express provision that poultry might be offered for sale and sold "in other manner than by weight, but in all cases where the persons intending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided."

In City of New York v. Fredericks, 134 N. Y. Supp. 796, this court, construing the ordinance before it was so amended, held that it was highly penal, and that, under the rule of strict construction applicable thereto, it did not prohibit the sale of bacon in sealed jars, in which it was put on the market by the packers. In that case the opinion was expressed, by the majority of the court that the first

clause of the ordinance did not prohibit sales of the articles of food specified otherwise than by weight or measure, but was designed to apply to sales by weight or measure and to require that such sales be made according to the true weight or measure, in order that purchasers might not be defrauded, and that the second clause of the ordinance contained no express prohibition against sales otherwise than by weight or measure, and should be construed in connection with preceding clause, and was designed to insure the use of proper weights and measures in the sale of the articles of food specified. That decision is decisive of this case, for on the point now under consideration the amendment merely substituted general language for specific language, and otherwise left the construction the same. These views render it unnecessary to decide whether, if the sale in question came within the prohibition of the ordinance, the ordinance could be sustained as constitutional, and its enactment was authorized by the Legislature, but it is not apparent that the public health or welfare can be affected by the question as to whether a competent vendor and vendee shall be permitted without fraud or deception on the part of either to make a contract of sale of cord or rope in bulk or by gross weight, and it is difficult to perceive any theory upon which that question concerns the public.

It follows that the defendant is entitled to judgment dismissing the complaint, but, pursuant to the submission, without costs. All concur.