THE CITY OF NEW YORK, Appellant, v. HENRY J. FRED-
ERICKS, Respondent.

Penal ordinances — construction thereof by the courts — ordi-
nance that ice, coal, coke, provisions and articles for food must
be weighed or measured by appliances tested and stamped by
municipal authorities — such ordinance not applicable to arti-
cles in cans or sealed packages.

1. The argument *ab inconvenienti* may properly be considered as
bearing upon the question which of two conflicting interpretations
should be sanctioned as expressive of the actual meaning and true
intent of a law-making body.

2. Penal ordinances, like penal statutes, are to be construed
strictly, but yet not so as to defeat the obvious intent of the law-
makers. In no event can the court resort to implication to read
into a penal ordinance a prohibition which is not expressed therein.

3. The code of ordinances of the city of New York provides (§ 388)
" And all ice, coal, coke, meats, poultry and provisions (except vege-
tables sold by the head or bunch) of every kind, sold in the streets
or elsewhere in the City of New York, shall be weighed or measured
by scales, measures or balances, or in measures duly tested and
stamped by the inspector or deputy inspector of weights and meas-
ures." *Held*, that this is to be regarded merely as a requirement
that where the provisions and other commodities mentioned *are*
sold by weight or measure, the balances or measures used shall be
such as have been stamped by the municipal authorities as correct
and true; that it was not intended to apply to canned goods or to
such articles as are customarily sealed up in jars, but relates solely
to such articles as are customarily sold by weight or measure.

*City of New York* v. *Fredericks*, 150 App. Div. 83, affirmed.

(Argued November 18, 1912; decided December 10, 1912.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered April 12, 1912, which affirmed a determina-
tion of the Appellate Term affirming a judgment of the
Municipal Court of the city of New New York in favor
of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *Herman Steifel* of counsel), for appellant. The provision of the ordinance prescribing a penalty for the sale of goods otherwise than by weight or measure implies a prohibition of such sales in any other way or manner. (*Durgin* v. *Dyer*, 68 Me. 143; *Miller* v. *Post*, 1 Allen, 434; *Libby* v. *Downey*, 5 Allen, 299; *Pray* v. *Burbank*, 10 N. H. 377.) The defendant's intent, in selling the bacon in a jar without weighing its contents or having the jar stamped so as to show its capacity, is not material. (*City of New York* v. *Hewitt*, 91 App. Div. 445; *People* v. *Friedman*, 138 App. Div. 29; 200 N. Y. 591; *People* v. *Fichten*, 146 App. Div. 307.) The ordinance is not to receive such a construction as will defeat the obvious intention of its framers. There is a well-recognized exception to the general rule that all penal enactments are to receive a strict construction. (Sedg. Stat. Const. [2d ed.] 282; *U. S.* v. *Willberger*, 5 Wheat. 76; Black on Interp. of Laws, 288; Lewis Sutherland on Stat. Const. §§ 526, 530.) But the rule of strict construction is not applicable to enactments like the one now under construction. (*People* v. *Abraham & Straus*, 16 App. Div. 58; *Suffolk County* v. *Shaw*, 21 App. Div. 147; *People* v. *Bellinger*, 145 App. Div. 141; *State Board of Pharmacy* v. *Matthews*, 197 N. Y. 353; *Taylor* v. *United States*, 3 How. [U. S.] 197; Black on Interp. of Laws, 313; Black. Comm. 89.)

*Waldemar F. Timme* for respondent. There is no necessary implication in the ordinance that it refers to commodities in sealed packages or containers. (*Wilkinson* v. *Adams*, 1 Ves. & Beav. 466; *People* v. *Webster*, 17 Misc. Rep. 414; *People ex rel. Curmisky* v. *Wurster*, 14 App. Div. 556; *Watervliet Turnpike Co.* v. *M'Kean*,

6 Hill, 616; *People* v. *Utica Ins. Co.*, 15 Johns. 358; *Spencer* v. *Myers*, 150 N. Y. 269; *Village of Stamford* v. *Fischer*, 140 N. Y. 187; *Duryee* v. *Mayor, etc.*, 96 N. Y. 477, 495; *O'Keefe* v. *Adams*, 46 N. Y. S. R. 557; *Holmes* v. *Carley*, 31 N. Y. 289.) There is no prohibition against the sale of commodities in jars or cans, and it is only by implication that such sales can be prohibited. (*Holmes* v. *Carley*, 31 N. Y. 289.) The ordinance being penal in its nature, must be construed strictly and not extended by implication. (*Bell* v. *Doyle*, 11 Johns. 173; *Meyers* v. *Foster*, 6 Cow. 567; *B. & U. P. R. R. Co.* v. *Robins*, 22 Barb. 662; *People* v. *Rosenberg*, 138 N. Y. 410; *People ex rel.* v. *Board of Education*, 143 N. Y. 62; *City of New York* v. *Spatz*, 85 N. Y. Supp. 353; *Halstead* v. *Mayor, etc.*, 3 N. Y. 420; *Ramsey* v. *Gould*, 57 Barb. 398; *Dewey* v. *Goodenough*, 56 Barb. 54; *Foster* v. *Rhoades*, 19 Johns. 191; *People* v. *Wright*, 19 Misc. Rep. 136; *Sickles* v. *Sharp*, 13 Johns. 497; Dwarris on Statutes, 736; *Health Dept.* v. *Knoll*, 70 N. Y. 530.)

WILLARD BARTLETT, J. This action was brought in the Municipal Court to recover a penalty of ten dollars for a violation of an ordinance of the city of New York, which reads as follows:

"No person shall sell or offer for sale in any market or in the public streets or in any other place in the City of New York, any fruits, vegetables, or berries in crates, baskets, or measures, or any butter in prints, or any ice or coal or other fuel at or for a greater weight or measure than the true measure thereof; and all ice, coal, coke, meats, poultry and provisions (except vegetables sold by the head or bunch) of every kind, sold in the streets or elsewhere in the City of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspectors or deputy inspectors of weights and measures; provided that poultry may be offered for sale and sold, in other manner

than by weight but in all cases where the person intending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided." (Code of Ordinances, § 388.)

There was no dispute of fact upon the trial. It appeared that on June 23, 1910, the defendant was engaged in the provision business at Washington Market, when an inspector in the municipal department of weights and measures visited the premises for the purpose of making a test case under the ordinance. He asked the defendant for a pound jar of bacon. The defendant responded: "I do not sell it by weight. I sell it as a jar of bacon." Whereupon the defendant sold to the inspector a jar of Beechnut bacon without weighing the contents thereof. The defendant did not put up the bacon, and the inspector testified that it would have been impossible to ascertain the net weight of the contents of the jar without taking out the bacon and weighing it.

The Municipal Court justice before whom the case was tried held that the inspector acquiesced in the defendant's offer to sell the bacon by the jar instead of by weight, and that the ordinance did not apply to canned goods thus sold. He, therefore, rendered judgment in favor of the defendant. This judgment has been affirmed by the Appellate Term and the Appellate Division. In the latter court, however, two of the justices dissented from the order of affirmance, and leave to prosecute the present appeal was granted.

There is no question here as to the meaning or application of the first part of the ordinance, which prohibits the sale of any fruits, vegetables or berries in crates, baskets or other measures, or any butter in prints, or any ice or coal or other fuel " at or for a greater weight or measure than the true measure or weight thereof." This is simply a prohibition against defrauding the purchasers of these articles or commodities when sold by weight or measure. It is the succeeding clause of the ordinance which has

given rise to the present controversy: "And all ice, coal, coke, meats, poultry and provisions (except vegetables sold by the head or bunch) of every kind, sold in the streets or elsewhere in the City of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested and stamped by the inspector or deputy inspector of weights and measures." According to the construction which the learned corporation counsel asks the court to adopt, this clause penalizes the sale of canned goods in the city of New York, except by weight. For many years it has been the practice of dealers in prepared or preserved meats, fish, fruit and vegetables to sell these commodities by the jar or can in which they are put up, and not by weight at all; the requirement that they should actually be weighed, apart from the containing vessel, at the time of each sale to each purchaser would result in immense inconvenience to the trade; but, as is said in the dissenting opinion below, with the inconvenience resulting from the correct interpretation of the ordinance the courts have nothing to do.

The argument *ab inconvenienti*, however, may properly be considered as bearing upon the question which of two conflicting interpretations should be sanctioned as expressive of the actual meaning and true intent of the law-making body. We should not impute to the board of aldermen an intent to impose a needless burden upon an extensive trade unless they have expressed their meaning so clearly as to permit no other reasonable conclusion. Reading the clause in question in connection with that which precedes it, it may readily be regarded merely as a requirement that where the provisions and other commodities mentioned *are* sold by weight or measure, the balances or measures used shall be such as have been stamped by the municipal authorities as correct and true. This is the view taken in the prevailing opinion at the Appellate Division, and with that view we concur. The language of the ordinance considered as a whole indicates that it

was not intended to apply to canned goods at all, or provisions sealed up in jars, but relates solely to such articles as are customarily sold by weight or measure. Thus construed, it is intelligible and reasonable and results in no inconvenience of which any one can justly complain. The community has now been protected against imposition in the sale of canned commodities by the enactment of chapter 81 of the Laws of 1912, amending the General Business Law so as to provide that the net contents of the containers shall be indicated on the outside thereof.

Penal ordinances, like penal statutes, are to be construed strictly, but yet not so as to defeat the obvious intent of the lawmakers. In no event can the court resort to implication to read into a penal ordinance a prohibition which is not expressed therein. In the clause of the ordinance under consideration there is no express provision forbidding the sale of meat or provisions by the jar, as the defendant sold his bacon. Such a provision cannot be inserted by implication into an ordinance of this character. We conclude that the case has been correctly disposed of in the courts below, and the order of the Appellate Division must, therefore, be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed.