(80 Misc. Rep. 660.)

## CITY OF NEW YORK v. SULZBERGER & SONS CO.

(Supreme Court, Appellate Term, Second Department.    May 23, 1913.)

WEIGHTS AND MEASURES (§ 11*)—SHORT WEIGHTS—PENALTIES—ORDINANCES—CONSTRUCTION.

Where a wholesale dealer of meats sold in the original package to a retailer wrapped meats packed at its packing plant in a sister state under the supervision and inspection of federal authorities, and the gross and net weights were marked on the package, and the bill of lading delivered to the retailer provided that package goods were charged for at weight when packed and that no allowance was made for natural shrinkage and "wrapped meats sold gross weight," the transaction was not within an ordinance of the city of New York punishing any person who shall sell any merchandise for a greater weight than the true weight, and the wholesale dealer was not liable for a shortage in the weight; the ordinance being penal and to be construed strictly.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 13; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the City of New York against Sulzberger & Sons Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and judgment ordered for defendant on the merits.

The action was originally brought to recover $400 for violations of ordinances described by indorsement on the summons as follows: "Nature of violation, offering for sale and delivery in Brooklyn, N. Y., 62 lbs. pork—one pound short." Upon the trial it was stipulated that the action be "discontinued as to all except the single penalty of $100, covering the transaction of the sale of one box, consisting of four pork loins, which the defendant charged to the complainant at 62 pounds, net weight; the claim of the corporation attorney being the net weight was less."

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Henry W. Unger, of New York City, for appellant.
Herman Stiefel, of New York City, for respondent.

KELBY, J. The city of New York sued for and has recovered a penalty of $100 for violation of one of its ordinances which reads as follows:

"Sec. 388. No person shall sell or offer for sale any commodity or article of merchandise in any market or in the public streets or in any other place in the city of New York, at or for a greater weight or measure than the true measure or weight thereof; and all ice, coal, coke, meats, poultry, butter and butter in prints, provisions, and all other commodities and articles of merchandise (except vegetables sold by the head or bunch) sold in the streets or elsewhere in the city of New York, shall be weighed or measured by scales, measures or balances, or in measures duly tested, sealed and marked by the commissioner of weights and measures or an inspector of weights and measures of the said city; provided, that poultry may be offered for sale and sold in other manner than by weight, but in all cases where the person in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tending to purchase shall so desire and request poultry shall be weighed as hereinbefore provided. No person shall violate any provisions of this section under a penalty of one hundred dollars for each offense. (Amend. App. July 11, 1910.)"

The facts in the case appear by stipulation in the record as follows: On the 27th day of February, 1912, the defendant, Sulzberger Sons Company, was engaged in the business of selling meats, wholesale, at No. 623 Pacific street, in the borough of Brooklyn. On the 27th day of February the defendant sold one box of pork loins, containing four pork loins, each separately wrapped, for which the buyer was charged 62 pounds; whereas the actual and true weight of the meat was 61 pounds. There was a pound of paper and 61 pounds of meat, inclosed in a box weighing 7 pounds. The gross weight and so marked on the box was 69 pounds, and the net weight at which these goods were charged and billed to the complainant was 62 pounds. That the goods were pork loins, which were prepared at the packing houses of the defendant corporation at Kansas City, Mo. That they were packed at such place under the supervision and inspection of the federal authorities, as provided by the Act of Congress June 30, 1906, c. 3913, 34 Stat. 669 (U. S. Comp. St. Supp. p. 1353), entitled "An act to make appropriations for the Department of Agriculture for the fiscal year ending June 30th, 1907," which is the so-called "Meat Inspection Statute," and that under the provisions or regulations adopted by the United States Department of Agriculture, under the statute to which attention has just been referred, and more particularly under the requirements of section 1 of article 18 of the regulations governing the meat inspection of the United States Department of Agriculture, as amended and in effect at the time in question, these goods, when packed at Kansas City, were inspected by the United States Food Inspector, and that the labels as required by the regulations were attached to the cover thereof, showing that they were passed and inspected, and that being so examined and passed and inspected and complying with the requirement of the United States Meat Inspection Law, and being in the original package, is an article of interstate commerce. That they were received at the place in question, this borough of Brooklyn, in that condition, and as such original package were sold, without being opened, to the complainant in that original package and bearing the United States meat inspection legend. The defendants are a wholesale concern, and deal in meats exclusively at wholesale. The complaining purchaser is a retailer, but he does not buy meat for his own consumption. This was a wholesale transaction, the same as previously had between the purchaser and the seller in the ordinary course of their business. At the time of the purchase, a bill and invoice was delivered to and received by the purchaser before he paid for the goods, as a part of the transaction constituting the purchase of such goods. The said bill of lading, after the figures describing the gross and net weights and tare, has at the bottom a printed legend which among other things states:

"If goods are not satisfactory report at once; otherwise no reclamation will be allowed. Package goods charged for at weight when packed. No allowance made for natural shrinkage. *Wrapped meats sold gross weight.*"

In the transportation of the goods in question from Kansas City to the borough of Brooklyn, there is and necessarily would be a certain amount of shrinkage and evaporation in the loins, the meat in question.; and the paper wrappers on these pork loins, between the time of packing and the time of sale, absorb and take to themselves part of the grease, fat, and moisture of the pork loins.

Upon the conceded facts above recited, the court below found there was a violation of the said ordinance.

This same ordinance was construed in the case of City of New York v. Fredericks, 206 N. Y. 618, 100 N. E. 419. It was there stated that the first part of the section was simply a prohibition against defrauding purchasers of commodities *when sold by weight or measure*. And that the second clause was to be regarded "merely as a requirement that when commodities * * * *are* sold by weight or measure, the balances or measures used, shall be such as have been stamped by the municipal authorities as correct and true."

This is a highly penal ordinance and must be construed strictly and not extended by implication.

The transactions involved in this case are not by express terms within the ordinance, nor are they reasonably within the ordinance by implication. Here we have a large wholesale business selling to a retailer goods packed in Kansas City. The goods are first inspected by the United States government inspector, wrapped and tagged, and when shipped cannot be withdrawn from the box and again shipped in part. A bill of lading which is a part of the transaction of purchase distinctly states that "wrapped meats are sold gross weight." Thus both parties have, without fraud or deception on the part of either, made a contract of sale of a box of pork tenderloins by gross weight. That they have a right to do so cannot be questioned. Concededly, between the time of packing and time of sale, there is a certain amount of shrinkage and evaporation of the meats in question, with resultant small loss of weight. This was not the kind of a transaction which the ordinance was designed to prevent. Here the parties are daily dealing with the same commodities and presumably familiar with their business. The ordinance by its very terms has a much more restricted meaning. Sales are forbidden *in any market,* or *in the public streets, or in any other place in the city of New York* at or for a greater weight or measure than the true weight or measure. Then follows regulation as to sale of such commodities when sold by weight or measure as are daily bought by the people of the city for household use, such as ice, coal, coke, meats, poultry, and butter; the clear purpose being to compel the use of honest weights and measures approved by the city authorities, when making such sales.

If the ordinance has the meaning contended for by counsel for the city the defendant could not with safety sell any goods in boxes. If the packer weighed the goods at Kansas City, put the true net weight and true gross weight on the box then shipped to New York, he could not with safety undertake to sell the goods so shipped without first unpacking the box, removing the wrapper, and reweighing. This involves considerable rehandling and frustrates the sanitary purpose of one original handling and wrapping.

If the city intended to accomplish such result by the passage of the ordinance, it should be clearly and unequivocally stated in the ordinance itself.

There is ample remedy in the state law for punishment of any person knowingly delivering less than the quantity he represents he is delivering, and the remedy is readily enforced. See Penal Law (Consol. Laws 1909, c. 40) § 2411; People v. Sheffield Farms, 206 N. Y. 79, 99 N. E. 181.

The acts complained of not being within the purview of ordinances, the judgment should be reversed, and judgment ordered in favor of the defendant on the merits, with costs in this court and the court below.

CRANE, J., concurs.

KAPPER, J. I concur on the ground that the ordinance does not expressly nor by implication reach a sale by a producer or packer to a middleman or dealer, but is limited to sales to consumers.