THE PEOPLE OF THE STATE OF NEW YORK on the Information of JOHN D. EYLERS, Respondent, *v.* ARMOUR & COMPANY, Appellant.

Second Department, December 15, 1916.

Weights and measures — General Business Law, sections 16 and 17, construed — sale of bacon by gross weight — failure to indicate weight on wrapper — "container."

The first sentence of section 16 of the General Business Law, as added by Laws of 1912, chap. 81, that "All meat, meat products and butter, shall be sold or offered for sale by weight," is declaratory of an exclusive and unconditional method for selling such articles.

It is not a violation of said section to sell an informed and willing customer bacon upon the basis of gross weight, although nothing denoting weight appeared on the wrapper.

As said section does not denounce false weights the vendor may not be punished because he included the wrapper.

But the absence of data on the wrapper showing the weight did constitute a violation of section 17 of the General Business Law, providing that the net contents of "containers" shall be indicated on the outside thereof.

The intent of section 17 of the General Business Law is to provide a record of the wrapper that shall be the only means of establishing the weight of the "container," so that the vendor may not say that the purchaser was informed in some other way or that he waived information.

The wrapper on the bacon constituted a "container" within the meaning of section 17.

APPEAL by the defendant, Armour & Company, from a judgment of the Court of Special Sessions of the city of Yonkers, rendered against it on the 6th day of March, 1916, convicting it of a violation of the General Business Law, and also from a judgment and order of the County Court of Westchester county, entered in the office of the clerk of said county on the 17th day of August, 1916, affirming said judgment of the Court of Special Sessions.

*John B. Stanchfield* [*Toney A. Hardy* with him on the brief], for the appellant.

*E. G. Griffin, Deputy Attorney-General* [*Egburt E. Woodbury, Attorney-General,* with him on the brief], for the respondent.

THOMAS, J.:

The defendant at Yonkers sold to a person bacon in a wrapper placed around it at Chicago, Ill. The wrapped article was correctly weighed in the purchaser's presence and that of the local sealer of weights and measures, and the payment accorded with the true gross weight. Nothing denoting weight appeared on the wrapper, but the purchaser knew that he was getting what he sought and was not deceived. In brief, the whole matter was arranged for a test case. Hence, the question of immediate fraud is absent, while actual agreement in what was done is implied. The inquiry, then, is whether the statute compels certain things to be done, irrespective of the convention of the parties. The respondent's maximum contention is that the Business Law (Laws of 1912, chap. 81) required the vendor to mark on the wrapper (1) the net weight of the bacon, and (2) the gross weight, whereby the weight of the wrapper could be calculated. The bacon and wrapper weighed six pounds, and the container six ounces. The evidence discloses that about two-thirds of the bacon sold by defendant in this State is unwrapped, and that in either form the price per pound is the same; that the wrapping is to guard against contamination, shrinkage, and to preserve the quality of the meat, and that a piece of bacon weighing from six to seven pounds at Chicago shrinks from six to eight and one-fourth ounces during the two weeks following wrapping, and that the interval of fifteen to eighteen days was usual between shipment at Chicago and sale at Yonkers; and that, when placed about the bacon, the wrapper according to tests would weigh about four and one-half ounces. What precise offense did the defendant commit? For that, reference must be had to the statute, and not to what the superintendent of weights and measures may have superimposed. The information has two counts. The second in effect is that defendant sold the bacon and charged therefor at the gross weight of the meat and the container, without stating to the purchaser the net weight. As to that count, then, the question is whether it was an offense for the vendor to sell to an informed and willing customer the bacon upon the basis of gross weight. The learned Attorney-General states in his

brief: "We are not prosecuting Armour & Company for selling by false weight. It was found that the meat and package together weighed exactly what the defendant represented them to weigh. We are prosecuting the defendant for failure to mark and for selling meat and paper together at meat prices." To sustain the second count the respondent relies upon section 16 of the General Business Law (Consol. Laws, chap. 20 [Laws of 1909, chap. 25], as added by Laws of 1912, chap. 81). The section is: "Method of sale of certain commodities. All meat, meat products and butter, shall be sold or offered for sale by weight. All other commodities not in containers shall be sold or offered for sale by standard weight, standard measure or * * * numerical count; and such weight, measure or count shall be marked on a label or a tag attached thereto; provided, however, that vegetables may be sold by the head or bunch." The statute in the first sentence is declaratory of an exclusive and unconditional method for selling meat, meat products and butter. As to all other commodities, a choice of method is afforded — weight, measure or numerical count, which, whatever it may be, shall be marked on an attached tag or label, but vegetables may be sold by the head or bunch. The meat in the present case was sold by weight, and by no other method, but the defendant claimed the right to include the cover, and the customer assented. It is not the truth that the defendant sold in some other method than by weight. A case might arise where a sale should be regarded as made by count, because the weighing was a mere pretense or form to evade the statute. But the facts here indicate no such intention, and if it be kept in mind that the prosecution is not based on false weight, the conclusion is reached that section 16 was not offended. In *City of New York* v. *Wilkinson Brothers & Co.* (151 App. Div. 660) it was decided that section 388 of the Code of Ordinances of the city of New York, as amended July 11, 1910, did not provide an exclusive method for selling a bale of twine at the gross weight of the twine and covering. The decision rested on *City of New York* v. *Fredericks* (150 App. Div. 83, afterwards affirmed in the Court of Appeals, 206 N. Y. 618). The ordinance there involved (Code of Ordinances, § 388) did not prohibit the sale of bacon in jars, and by the jar, without

weighing the same, but it was remarked in the opinion by BARTLETT, J.: "The community has now been protected against imposition in the sale of canned commodities by the enactment of chapter 81 of the Laws of 1912, amending the General Business Law so as to provide that the net contents of the containers shall be indicated on the outside thereof." Section 388 of said Code of Ordinances, as amended July 11, 1910, was later considered in *City of New York* v. *Sulzberger & Sons Co.* (80 Misc. Rep. 660), with similar disposition. There is here no charge of fraud, or false weighing, and there is no indication that the weighing was a formality or mere evasion of the prescribed method, and I am unable to discover that the defendant's act offends the section in its word or spirit. It is true that if a statute requires meat to be weighed and sold at the exact weight, six ounces of paper cannot be added, but section 16 does not denounce false weights, but announces a particular course of dealing, and if it appear that the vendor in good faith followed the method, he may not be punished because he included the wrapper. Indeed, the statute authorizes the vendor to weigh the meat and container, and there is no prohibition against charging on the basis of the gross weight. But in that case something must be done, and if it be omitted there is an offense, not by reason of section 16, but of section 17, to which section 16 is allied. Section 17 is: "Net contents of containers to be indicated on the outside thereof. When commodities are sold or offered for sale in containers of other sizes than those specified in section sixteen-a or whose sizes are not otherwise provided by statute, the net quantity of the contents of each container, or a statement that the specified weight includes the container, the weight of which shall be marked, shall be plainly and conspicuously marked, branded or otherwise indicated on the outside or top thereof, or on a label or a tag attached thereto, in terms of weight, measure or numerical count; provided, however, that reasonable variations shall be permitted." It requires one of two things to be done in case of commodities, other than those exempted, sold or offered for sale in containers, viz., that the net quantity of the contents of each container shall appear on the wrapper, or a statement

that "the specified weight" includes the container, the weight of which shall so appear. The respondent urges that both the weight of the meat and the weight of the wrapper must be marked on the wrapper. Section 17 has these descriptive preliminary words: "Net contents of containers to be indicated on the outside thereof." Unless such net weight appear, the net contents are not shown. But to what do the words "specified weight" refer in the clause "or a statement that the specified weight includes the container," etc. ? They could not mean the net weight, for that could not include the weight of the wrapper. The section is obscure, but the section does at least require that data shall appear on the wrapper showing its weight. If the customer sees by markings on the wrapper how many ounces of paper at meat prices he is purchasing, he knows how much meat he is receiving, for the vendor would tell him the gross weight for which he makes charge. But in the case nothing appears, and no attempt to obey the statute is indicated. The present discussion does not involve the question of "reasonable variations" in the weight of the meat or container. Except as otherwise suggested, the intent and purpose of sections 16 and 17, separately and united, appear. With the wisdom or convenience, benefit or policy of the statute, the court is not concerned. That the Legislature acted with power is not denied. The intention of section 17 is to provide a record on the wrapper that shall be the only means of establishing the weight of the container, to the end that the vendor may not be heard to say that the purchaser was informed in some other way, or that he waived information. The statute should not be dependent on evidence of what the parties agreed concerning its observance. The statute requires that meat be sold by weight, and, if wrapper be included, that its weight be shown. Taking into consideration the provision for reasonable variations in weights, what the State has adopted seems most fair. In any case it is exclusive. (*Armour & Co.* v. *North Dakota*, 240 U. S. 510.) The defendant urges that the wrapper used was not a container within the meaning of section 17. Section 17-c states that "'A container,' as used in this article, following section fifteen thereof, shall include any carton,

box, crate, barrel * * * wrapper, parcel or package." A container is a wrapper. The covering of the bacon answers fully to the definition of a wrapper.

The judgment of the County Court of Westchester county affirming judgment of conviction of the Court of Special Sessions is reversed as to the second count, and affirmed as to the first count.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Judgment of the County Court of Westchester county affirming judgment of conviction of the Court of Special Sessions reversed as to the second count, and affirmed as to the first count.