THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of
DUDLEY H. GOLDSMITH, Complainant, *v.* MASBACK HARDWARE
COMPANY, INCORPORATED, Defendant.

City Court of New Rochelle, October 29, 1940.

*Aaron Simmons, Corporation Counsel* [*Murray C. Fuerst* of counsel],
for the People.

*Jackson, Fuller, Nash & Brophy,* for the defendant.

FASSO, J.  The defendant herein is charged with a violation of
section 188, and also with a violation of section 194 of the Agri-
culture and Markets Law of the State of New York.  The charges
are set forth in two separate informations, which were tried at the
same time, pursuant to the stipulation entered into between the
attorneys for the respective parties.  The gist of the first charge
is that the defendant did willfully and unlawfully deliver less of
a certain commodity than the quantity actually represented by
the defendant.  The essence of the second charge is that the
defendant sold a commodity in a container without indicating the

net contents of the container plainly and conspicuously on the outside or the top of the same.

It was stipulated at the trial that the defendant on July 23, 1940, sold to W. J. Jacobson in New Rochelle, N. Y., a coil of manila rope which was delivered in a container, that the container was marked " 154 lbs. gross — 3 lbs. tare," and that there were no other markings as to weight except a tag on the outside of the container which set forth that the gross weight was 154 pounds. It was also stipulated that the retailer, W. J. Jacobson, was charged for the rope on the basis of 154 pounds, whereas the rope actually weighed 151 pounds, 8 ounces.

The defendant introduced evidence which establishes that a custom existed in the rope trade at the time of the alleged occurrence whereby all rope was sold by the manufacturer to the wholesaler or distributor, and by the wholesaler in turn to the retailer, by gross weight. The defendant presented, moreover, evidence that the manufacturer of the rope involved in this case uniformly sets forth the words, " gross weight," upon all its invoices, and that all of the price lists distributed by the manufacturer contain the words, " all goods sold by gross weight." Samples of the invoices and price lists used by the manufacturer, the Plymouth Cordage Co., were offered and received in evidence.

The evidence also reveals that the retailer, W. J. Jacobson, was billed for 154 pounds of rope and that he was charged for that quantity, which included tare, that is, the materials in which the rope was contained, although only about $151\frac{1}{2}$ pounds of rope were delivered.

As to the charge that the defendant violated section 194 of the Agriculture and Markets Law, the same is dismissed, for, in my opinion, there has been substantial, if not complete, compliance with the section mentioned, and also with regulation 11 promulgated by the Commissioner of the Department of Agriculture and Markets.

With regard to the charge that the defendant violated section 188 of the Agriculture and Markets Law in that it delivered a lesser quantity of rope than the quantity it represented, the conclusion to be adopted rests primarily upon the interpretation to be given to the applicable law, for there is little, if any, dispute as to the facts. The court has been informed this case is of importance to the rope industry throughout the eastern portion of the United States, and that all parties desire an interpretation of the law to the end that they may be properly guided in their future transactions. The purpose of section 188 and the other sections of the Agriculture and Markets Law which deal with the same subject-matter is to insure honest, accurate and fair dealing to the general

public. There is no evidence in this case which indicates on the part of the defendant an intent to defraud or to deceive either the retailer, W. J. Jacobson, or any other person. Despite the lack of actual fraud or deceit, however, a violation of the statute may exist, for " Section 188 of the Agriculture and Markets Law does not require that the potential customer be in fact actually defrauded." (*People* v. *Ring*, 254 App. Div. 709; affd., 278 N. Y. 413. See, also, *People* v. *Berman*, Id. 408, 410.)

In connection with the sale of rope, the attention of the court has not been called to any law or regulation which prohibits the sale of that merchandise on the basis of gross weight. The defendant may, therefore, sell rope either by gross weight or net weight, provided there is no misrepresentation as to the quantity. In this case, however, the defendant in its invoice makes no mention whatever either of gross weight or of net weight. The invoice merely sets forth the quantity of rope and the price charged for it, and the inference is inescapable that the quantity set forth in the invoice, 154 pounds, is a representation that that quantity of rope was actually delivered. This inference is made more emphatic by reason of the fact that all of the invoices and price lists of the manufacturer, introduced in evidence by the defendant itself, contain throughout a reference to " gross weight." A consideration of what appears on the invoice, 154 pounds, and what was actually delivered, about 151 pounds, would indicate that the defendant did actually that which the statute seeks to prevent, that is, to represent one quantity and actually deliver a lesser quantity. These facts would establish beyond any question the guilt of the defendant, were other factors not present. The evidence, however, also reveals that the containers were marked " 154 lbs. gross — 3 lbs. tare," and that a tag was annexed to the bale which recited " gross weight, 154 lbs." In view of these circumstances, there is some doubt in my mind as to whether or not the defendant should be adjudged guilty of a violation of section 188. That doubt arises not from the facts, but from an interpretation and application of the law. The sealer of weights and measures of New Rochelle and the representative of the State department, who was present at the trial, both insist that the law was violated. Where there is any doubt as to the law or as to its proper application, it is an established principle that that doubt should be resolved in favor of the People, for, if an error is made, the defendant may appeal and the error can thereby be corrected. If, on the other hand, the doubt were resolved against the People, there would be no method whereby the conclusion adopted can be reviewed. (*People* v. *Reed*, 276 N. Y. 5, 9.) The entire situation

would then remain in its present unsettled state, one which brings no satisfaction either to those engaged in the rope industry or to the official charged with enforcement of the law.

The defendant, therefore, is adjudged guilty of a violation of section 188 of the Agriculture and Markets Law. Since there was no evidence which established an intent to deceive or defraud, and in view of the fact that this is in the nature of a test case, sentence is suspended.