Max M. Meltzer, J.
The plaintiff seeks to recover the sum of $80.48, the value of 185 pounds of meat, which is the shortage in a shipment made by the defendant to the plaintiff. Plaintiff is a wholesaler of meat with a place of business in the City of New York, while the defendant is a meat packer located at Omaha, Nebraska, from which latter point the shipment in question originated. Plaintiff’s complaint refers to section 833-16.0 of the Administrative Code of the City of New York and section 193 of the Agriculture and Markets Law of the State of New York, both of which are claimed expressly to forbid short-weight shipments consigned to purchasers located in the City and State of New York.
The defendant admits the material factual allegations of the complaint, including the allegation of the shortage in weight in the shipment here under consideration. However, it is claimed that the reverse side of the invoice contains a printed statement which exculpates defendant from liability for the shortage of weight. That provision states: “ Weight of goods when
packed covers all sales ” and “ No allowance is made for natural shrinkage ”. The defendant asserts that the shipment was accurately weighed at its origin in Omaha, and the shortage of weight found by plaintiff in the shipment in New York resulted solely from natural shrinkage.
*920 The parties have submitted to me a stipulation of facts which, in essence, sets forth their respective claims as I have outlined them above with the additional stipulation that: (4) “ Title to the said United States choice steers passed to the plaintiff at the time of delivery to the plaintiff which took place in the City and State of New York on September 9, 1958 ”.
To determine whether the plaintiff has a proper cause of action or is barred from asserting it because of the exculpatory language on the reverse side of the invoice, we must first turn to the statutory provisions referred to above.
The State of New York, in enacting the Agriculture and Markets Law has asserted in the most explicit language the purpose and intent to promote, foster and encourage the agricultural industry, to design and establish long-range programs for its stabilization and profitable operation, to improve its marketing system, to maintain at fair prices the instrumentalities and products of agriculture, to remove unnecessary or unfair costs in the transportation, storage, processing, marketing and sale of agricultural products and to prevent frauds in the traffic therein (§3). In the context of this statement of policy, section 193 provides that all meat and meat products shall be sold or be offered for sale by net weight, which weight is to be marked on a label or tag attached to the shipment. Similarly, section 833-16.0 of the Administrative Code provides for the sale of all commodities or articles of merchandise by true weight or measure.
It is clear to this court that a shipment of meat consigned and sold to a firm conducting its business within the City and State of New York, and containing a shortage in weight, as is involved in the case at bar, is in violation of these statutes and that for such violations a cause of action exists (Abounader v. Strohmeyer & Arpe Co., 243 N. Y. 458; Filardo v. Foley Bros., 297 N. Y. 217; People [Goldsmith] v. Masback Hardware Co., 175 Misc. 177).
The defendant, in essence, has made two arguments which it asserts are sufficient to bar a recovery for the plaintiff. The first argument refers to the claimed exculpatory language on the reverse side of the invoice, and the second argument asserts that the cited statutory provisions are not pertinent since they relate only to retail sales and not to a sale at wholesale.
I disagree with the contentions of the defendant. I have referred to the stipulation concerning the passage of title to the shipment in the City of New York on the date when it was received at the plaintiff’s place of business. I consider the stipulation to be crucial and completely determinative of the *921 rights of the parties. I hold that if the parties consummated a sale of goods with title passing at the place and time of delivery in the City of New York, that transaction is subject to our statutes which forbid the sale of meat or any commodity or article of merchandise at a greater weight than true or net weight or measure.
Also the question of natural shrinkage must be restricted to loss of weight which occurs between the passage of title and delivery of the shipment, not to loss of weight which occurred when the meat belonged to the defendant.
In summary, I find that the sale was consummated on September 9, 1958, at the plaintiff’s place of business in New York City and that the invoice incorrectly stated the weight of the shipment at that time and, therefore, plaintiff is entitled to recover the value of the shortage in weight.
The second defense advanced by the defendant, namely that the statutes are applicable only to retail sales is equally without merit. (City of New York v. Sulzberger & Sons Co., 80 Misc. 660 [decided by the Appellate Term in the Second Department in 1913]; City of New York v. Fredericks, 206 N. Y. 618 [decided by the Court of Appeals the preceding year].) Both decisions dealt with a Code of Ordinance provision (§ 388) which preceded the present Administrative Code provision (§ 833-16.0.) The earlier provision forbids the sale at less than true weight of any commodity or article of merchandise ‘ ‘ in any market or in the public streets or in any other place in The City of New York”. The courts held that this restrictive language had application only to retail sales. In the enactment of section 833-16.0 of the Administrative Code we find that this restrictive language was omitted and by explicit command of the statute, all sales of commodities or articles of merchandise at a greater weight or measure than true weight or measure became unlawful. Absent the restrictive language, this court finds that the present statutory prohibition has been broadened to include both retail and wholesale transactions. (1 Sutherland, Statutory Construction [3d ed.], § 1930, p. 412; Woollcott v. Shubert, 217 N. Y. 212; Catalanello v. Cudahy Packing Co., 27 N. Y. S. 2d 637, affd. 264 App. Div. 723.)
Plaintiff has called to my attention the unreported case of City of New York v. Sussex Poultry Co. involving a suit for a penalty for short weight in a wholesale transaction and to an affirmance without opinion by the Appellate Term of this Department (N. Y. L. J., June 11, 1954, p. 6, col. 5, per Hofstadter, Eder and Schreiber, JJ.) of a judgment granted in this court on August 7, 1953 in the plaintiff’s favor. There the defendant *922 advanced the same argument now being submitted in this suit by the defendant, namely, the restriction of section 833-16.0 to retail transactions, citing the Fredericks and Sulzberger cases. Plaintiff’s counsel also notes that the Corporation Counsel in his Appellate Term brief urged the inapplicability of the earlier cases because of the change in the language in the present statute when section 388 was re-enacted. Implicit in the affirmance by the Appellate Term is their finding of the applicability of section 833-16.0 to both wholesale and retail transactions.
Accordingly, I find judgment for the plaintiff in the sum of $80.48, with interest from September 9, 1958. Ten days’ stay.